UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LESTER A. CERANA**<br>**3463 Orion Street North West**<br>**North Canton, Ohio 44720**<br><br>　　　　**Plaintiff,**<br>　　v.<br><br>**NCO FINANCIAL SYSTEMS, INC.**<br>**c/o Statutory Agent**<br>**CT Corporation**<br>**1300 East Ninth Street**<br>**Cleveland, Ohio 44114**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>　　　　**Defendants.** | : **CASE NO.**: _____<br>:<br>:<br>:<br>:<br>:<br>: **JUDGE**<br>:<br>:<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>:<br>:<br>: **A Trial by the Maximum Number of Jurors**<br>: **is hereby Demanded**<br>:<br>:<br>: |

　　　　Here comes Plaintiff Lester A. Cerana, ("Cerana" or "Plaintiff") and sets forth her *Complaint* against Defendants NCO Financial Systems, Inc. ("NCO") and Defendants John and Jane Does 1 – 10 (collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by NCO and its agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d)

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff is an adult individual whose residence is in North Canton, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. NCO is a business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the NCO, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **NCO Engages in Harassment and Abusive Tactics**

**FACTS**

12. Beginning in the fall of 2011, Defendants has placed several calls to Plaintiff in an attempt to collect the Debt.

13. Defendants often call Plaintiff in the mornings while he is at work.

14. Plaintiff told Defendants not to call him at work and provide Defendants with his phone number and asked that they call after work ends, after 4:30 pm.

15. Despite Plaintiff's repeated requests not to be called at work, Defendants continued to call him at work.

16. Further, Plaintiff sent a certified letter to Defendants on October 28, 2011, requesting that it cease and desist all communications with Plaintiff.

17. Defendants told Plaintiff that they would ruin his credit, ruin his life, and get him fired from his job, if he did not pay the Debt.

3

18. Despite Plaintiff's verbal and written requests, NCO has continued to place calls to Plaintiff in an attempt to collect the Debt.

19. NCO has used rude and abusive language when speaking with Plaintiff. On one occasion NCO called Plaintiff a "lowlife."

## C. Plaintiff Suffered Actual Damages

20. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

22. Plaintiff incorporates by reference all of the above Paragraphs of this Complaint as though fully stated herein.

23. Defendants contacted Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

24. Defendants contacted Plaintiff at work after being told not to call him at work, in violation of 15 U.S.C. § 1692c(a)(3) .

25. Defendants contacted Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

4

26. Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

27. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**(Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))**
**(O.R.C. § 1345.01, *et seq.*)**
**(Against Defendant NCO only)**

30. Plaintiff incorporates by reference all of the above Paragraphs as if fully restated herein.

31. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

32. NCO is a "supplier" as defined by O.R.C. § 1345.01(C).

33. At all relevant times NCO was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

34. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

35. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

36. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

5

37. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

38. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such NCO is subject to punitive damages.

39. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## COUNT III
### (Invasion of Privacy by Intrusion upon Seclusion)

40. Plaintiff incorporates by reference all the above Paragraphs of this Complaint as if fully restated herein.

41. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

43. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff with condescending and obscene language, and threatening legal action.

44. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

45. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

47. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lester A. Cerana prays that judgment be entered against Defendants on all Counts and that the following damages be awarded:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;
4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and proper.

Dated: May 17, 2012

Respectfully submitted,

*/s/ Brian T. McElroy*
Brian T. McElroy, Esq. (0073930)
MCELROY LAW, LLC
1991 Crocker Road
Gemini I, Suite 600
Westlake, Ohio 44145
Phone:  (440) 892-3334
Fax:     (440) 892-3336
Email: btm@McElroyLawllc.com
Email: bmcelroy@Lemberglaw.com

Co-Counsel with:

LEMBERG & ASSOCIATES, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff Lester A. Cerana

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

>*/s/ Brian T. McElroy*
> Brian T. McElroy (0073930)